#### ʳn re ROLATER et al.

No. 8267—Opinion Filed Jan. 22, 1918.

(170 Pac. 507.)

(Syllabus.)

1. Taxation—Assessment Roll—Oath of Assessor—Statute.

The provision in section 7326. Rev. Laws 1910, requiring the assessor to verify the assessment roll, is directory, and the failure of the assessor to attach this oath is an irregularity that will not render the assessment void

2. Taxation—Assessment—Copy of Schedule —Statute.

The purpose of section 7324. Rev. Laws 1910, in requiring the assessor to give the person listing property a copy of the schedule, when the assessor places an increased value on the property, is to give notice of the increased valuation so the owner may protest, and when it appears the property owner appeared before the board and made a protest, which was heard and considered, the failure of the assessor to deliver a copy of the schedule will not render the assessment void.

3. Constitutional Law—Taxation—Taking of Property—Assessment of Mortgaged Lands.

Land subject to a mortgage may be assessed at its full cash value for taxation without violating the United States Constitution, Fourteenth Amendment, although the mortgage debt is not deducted from the assessed valuation.

Appeal from District Court, Oklahoma County; Geo. W. Clark, Judge.

In the matter of the assessment of Mrs. Ida Rolater and another. From a judgment of the district court an appeal from the county board of equalization fixing the valuation for assessment of mortgaged real estate, the owners appeal. Affirmed.

E. E. Blake, for appellants.

John Embry and Paul Van Winkle, for the County.

OWEN, J. This is an appeal from the judgment of the district court of Oklahoma county fixing the valuation for assessment of mortgaged real estate in Oklahoma City for the year 1914. The case was heard in the district court on appeal from the county board of equalization in Oklahoma county.

Counsel urge three principal reasons for a reversal of the judgment appealed from, as follows: (1) That the assessment roll was not verified as required by section 7326, Rev. Laws 1910; (2) the assessor did not demand of the owners, or their agents, a list and valuation of the real estate, and deliver a copy of the schedule showing the increased amount of the assessment; (3) the property was assessed for its full market value without deducting the amount of the mortgage indebtedness against it.

The failure of the assessor to verify the assessment roll was not such an irregularity as to render the assessment void. In the case of the Board of County Commissioners v. Field, 63 Okla. 80, 162 Pac. 733, this contention was made, and Mr. Justice Hardy, in delivering the opinion of the court said:

"And if in fact the affidavit required by said section were not attached to the assessment roll, the failure of the assessor to make said affidavit and attach it would not render the tax illegal nor entitle the plaintiff to any relief in this proceeding. The requirement in this regard is directory, and the failure upon the part of the assessor to attach said oath to the assessment roll is an irregularity merely, and will not defeat the tax in a collateral proceeding."

It is urged by counsel that the instant case does not fall within the rule announced

in that case, for the reason this is an appeal, a direct proceeding, and that was an injunction suit, a collateral proceeding. The language, "and will not defeat the tax in a collateral proceeding" is merely an application of the conclusion that the requirement is directory to the facts of that case.

It appears from the record that the assessor did not demand of the owners a list and valuation of the real estate as required by section 7321, Rev. Laws 1910, and the agent of the owners was advised by the deputy assessor that it would not be necessary for him to make such a list and valuation, but it also appears that this agent appeared before the county board of equalization, ascertained the amount for which the property had been assessed, filed his protest, had the same heard and considered by the board, and from that action appealed to the district court, from which judgment this appeal is prosecuted.

The purpose of requiring the list and valuation is to aid the assessor in making assessments and discovering all taxable property within the county. The listing by the owner is not essential to jurisdiction, and the failure of the owner to deliver a list to the assessor, even though suggested by the assessor, does not render the levy void. Pentecost v. Stiles, 5 Okla. 500, 49 Pac. 921.

It is urged that section 7324, Rev. Laws 1910, is mandatory in requiring the assessor to deliver to the property owner a copy of the schedule, where a higher valuation has been placed upon the property by the assessor than that made by the property owner. The purpose of this provision of the statute is to advise the property owner of the increased amount for which the property is to be taxed, and afford him an opportunity to appear, if he desires, before the board of equalization to protest. It appears in this case that the agent did appear and protest. Then it must be assumed that the failure to deliver this schedule was no more than an irregularity, which in this case did not deprive the property owner of any right or benefit.

Under our Constitution and statutes property must be assessed at its fair cash value, and this without regard to the amount of mortgage liens against the property. A mortgage in this state transfers no title to real estate, but is merely a lien to secure the payment of debt. Section 3881, Rev.

Laws 1910; Balduff v. Griswold, 9 Okla. 438, 60 Pac. 223; Gillett v. Romig, 17 Okla. 324, 87 Pac. 325; Harding v. Gillett, 25 Okla. 199, 107 Pac. 665. In the case of the Board of Commissioners v. Tinklepaugh, 49 Okla. 440, 152 Pac. 1119, it was said:

"Nor does the fact that a taxpayer has executed a mortgage upon his real estate relieve him from liability to pay taxes thereon so long as he remains in possession; for he is considered in law as the owner of the land."

Counsel for appellants cite and rely upon the cases of Savings & Loan Society v. Multnomah County, 169 U. S. 421, 18 Sup Ct. 392, 42 L. Ed. 803. That case arose under the Oregon statute which makes the mortgagee's interest taxable at the situs of the land, and gives the mortgagor a corresponding reduction in the value of the land. Our statutes contain no such provisions.

The judgment of the trial court is affirmed.

All the Justices concur.