## INDIAN TERRITORY ILLUMINATING OIL CO. v. BLAKE, County Treas.

No. 20732. Opinion Filed Jan. 19, 1932.

Fred M. Carter and C. E. Whilhite, for plaintiff in error.

W. F. Pardoe and Leroy J. Burt, for defendant in error.

CULLISON, J. Plaintiff instituted suit against defendant seeking to recover alleged illegal taxes paid under protest. Defendant demurred to plaintiff's third amended petition, which demurrer was sustained by the court and plaintiff elected to stand upon its petition and appealed from the order sustaining the demurrer to plaintiff's amended petition.

Plaintiff alleged in its petition that it was the owner of certain property located in Creek county, Okla., a part of which said property was rendered to the county assessor for taxation for the year 1928. That thereafter the remainder thereof was added to the assessment by the assessor and that no notice of the increase in valuation of said property was given plaintiff, and that they were not informed of said increase in the valuation of the said property so as to appear before the equalization board of Creek county, Okla., and present the same to said board until after the time to present the same had expired.

When plaintiff learned of said increase in valuation it filed, on July 20, 1928, with the board of county commissioners of Creek county, Okla., a petition praying that the alleged erroneous assessment be canceled and the tax rolls of Creek county, Okla., be corrected accordingly, and attached to said petition an erroneous assessment affidavit.

Plaintiff further pleaded that the county clerk of Creek county, Okla., agreed to inform plaintiff of the time when the county commissioners would consider said matter, but that plaintiff was never advised as to when the board of county commissioners would settle said matter, and on December 18, 1928, the board of county commissioners disapproved said erroneous assessment affidavit and plaintiff had no notice of said disapproval until after the time to appeal from said order of the board had expired.

The determining factor in the case at bar is whether or not the county clerk agreed to advise plaintiff of the time when the county commissioners would consider said matter and his failure to advise plaintiff thereof is sufficient to entitle plaintiff to bring a suit to recover taxes paid under protest.

Plaintiff's first remedy was to appear before the equalization board and secure an equalization of its assessment, but under the facts as pleaded in its petition plaintiff was prevented from appearing before said board and presenting its grievance in regard to the assessed valuation in question because

of the failure of the assessor to notify the plaintiff that its valuation had been increased.

Under the holdings of this court, where a taxpayer has been denied the right to appear before the proper board and secure correction of erroneous assessed taxes, then the aggrieved taxpayer can pay said tax under protest and file suit to recover the same.

But in the instant case plaintiff does not come within the rule as announced, because plaintiff discovered the alleged error in the assessment of its property long prior to the time said tax was due and filed with the board of county commissioners its petition and affidavit of erroneous assessment seeking an adjustment of its taxes.

This was the proper procedure for plaintiff to pursue and the only remedy available to plaintiff.

Since plaintiff had learned of the alleged irregularity in its assessment before its taxes were due and had availed itself of its rights under sections 9647 and 9674, C. O. S. 1921, by proceeding before the board of county commissioners under the erroneous assessment proceedings, it is bound to follow out said proceedings to a final determination and be bound by the results thereof.

Section 9647, C. O. S. 1921, provides:

"The boards of county commissioners of the various counties of the state of Oklahoma are hereby empowered to correct, either upon the assessment rolls or upon the tax rolls of the county, any double or erroneous assessment of property for taxation for any particular year, in the manner provided in the next section, and not otherwise."

Section 9648, C. O. S. 1921, provides in part:

"Whenever, at any of the regular meetings of the said boards (in January, April, July, or October), upon complaint of the person beneficially interested, his agent or attorney, it shall be made to appear by the testimony of the claimant, and at least one reputable witness, borne out by the records of the county, that the same property, whether real or personal, has been assessed more than once for the taxes of the same year, or that property, whether real or personal, has been assessed in the county for the taxes of a year to which the same was not subject, the board is hereby empowered to issue to the complainant a certificate of error. * * *"

Section 9674, C. O. S. 1921, supra provides:

"The board of county commissioners of each county is hereby authorized to hear and determine allegations of erroneous assessments, mistakes or errors made in assessing or preparing the tax rolls or in the description of land or other property, before the taxes have been paid, on application of any person or persons who shall show by affidavit good cause for not having attended the meeting of the county board of equalization for the purpose of correcting such error, mistake or difference, and if upon such hearing it appears that any personal or real property has been assessed to any person, firm or corporation not owning or claiming to own the same, or that property exempt from taxation has been assessed, it shall be the duty of the board of county commissioners to correct such error, and the county clerk, upon the order of said board, shall issue a certificate of error to the county treasurer, stating the amount of such correction, which amount the treasurer shall deduct from the original assessment or assessed amount; and if upon such hearing it appears that any such tax has been paid through a mistake of fact, either of the party paying the same or of any officer whose duty it is to assess or collect taxes, the board of county commissioners may refund the same, but no refund shall be made because of mistake of law. The amount of taxes ordered refunded, as herein provided, shall be a valid charge against the county and shall be paid out of the sinking fund of the county by the county treasurer, on order of the board of county commissioners. Provided, no refund shall be made in any case where the taxes have been paid for a period of more than one year prior to the claim of such refund, nor shall there be any claim against the county for any taxes paid on any ground where the same have been paid for a longer period than herein specified."

Under the provisions of the sections just quoted, supra, the board of county commissioners is empowered to correct erroneous assessments of property for taxation where it appears that the property has been assessed to a person not owning the same or that property exempt from taxation has been assessed, at any of the regular meetings of said board, upon complaint of the person beneficially interested in said property and when substantiated by proof as required by said statutes. The statute further provides that plaintiff could present said matter to the board of county commissioners at any regular meeting of said board, and further designates the months of January, April, July, or October as regular meeting dates. However, it is a matter of common knowledge that the board of county commissioners holds at least one meeting per month for the transaction of county business.

Plaintiff was bound to take notice of the statute in fixing the dates for hearing before the board of county commissioners and

could not, after filing its petition and affidavit of alleged erroneous assessment before the board of county commissioners, lull itself into false security by awaiting notification by the county clerk of a date when the county commissioners would hear said matter.

It was plaintiff's application seeking a redress from an assessment which plaintiff alleged to be erroneous and it was incumbent upon plaintiff to take the initiative in said matter and appear before said board at its regular hearing and present said matter to the board of county commissioners.

In the recent case of State v. State ex rel. Shull, 142 Okla. 293, 286 P. 891, this court held:

"So we hold that any taxpayer feeling aggrieved at the assessment as made by the assessor must appear before the county board of equalization as provided for in section 9966, C. O. S. 1921, unless such taxpayer shall show by affidavit good cause for not having attended the meeting of the county board of equalization, for the purpose of correcting such erroneous assessment, and, if, he can do so, then such taxpayer must appear before the board of county commissioners for the purpose of having such erroneous assessment corrected, and, if the board shall determine from such showing that the taxpayer has good cause for not having attended the meeting of the county board of equalization for the purpose of correcting such erroneous assessment, then the board of county commissioners is authorized to hear and determine allegations of erroneous assessment, and, if such board finds from the evidence that such assessment was erroneous, they may equalize the same in the same manner that the county board of equalization is authorized to do by section 9671, C. O. S. 1921. Any party granted the right of appeal from decisions of the board of county commissioners may appeal to the district court of the county."

See, also, the case of Wallace v. Gassaway, 148 Okla. 265, 298 P. 867.

After a careful consideration of plaintiff's petition, we are convinced that the state of facts pleaded therein shows that plaintiff, after becoming aware of the alleged erroneous assessment of its property, attempted to avail itself of its regular rights by proceeding before the board of county commissioners and that plaintiff did not follow said proceeding with due diligence so as to keep itself informed as to the status of said proceeding.

Plaintiff's remedy was to appeal from the order of the board of county commissioners overruling its petition and affidavit, and since it failed to perfect its appeal from said order, the order of the board became final and conclusive of said matter.

After a full consideration of the record in said cause and the authorities cited herein, we hold: That the order of the trial court sustaining defendant's demurrer to plaintiff's petition was proper.

The judgment of the lower court is affirmed.

CLARK, V. C. J., and RILEY, HEFNER, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., absent.