## In re EARLSBORO GAS CO.'S ASSESSMENT.

No. 23008. March 28, 1933.

Withdrawn, Corrected, and Refiled April 11, 1933.

Withdrawn, Corrected, Refiled, and Rehearing Denied Sept. 26, 1933.

King & Delaney, for appellant.

C. W. King and J. Berry King, Atty. Gen., for appellee.

WELCH, J. This is an action to review the decision of the State Board of Equalization in the assessment of the properties of appellant herein. A motion to dismiss was filed on behalf of the state of Oklahoma and the State Board of Equalization, response thereto was filed, and thereafter, in compliance with an order of the court, both parties filed briefs in support of the motion and response.

The motion to dismiss is based upon the proposition that under sections 12660 and 12661, O. S. 1931, it is necessary that a written complaint be filed, stating, in substance, the nature of the matter complained of, which complaint must be filed before the Board of Equalization within the time allowed by law if an appeal is to be taken from the order of the Board of Equalization to the Supreme Court.

The record herein shows that the complaining party appeared before the State Board of Equalization in connection with, and verbally protested the action of the board in the matter of the fixing of valuations on its properties in excess of the valuations returned by it in its written return. Final valuations were fixed by the board either prior to the appearance or subsequent thereto. Upon the hearing the board permitted the taxpayer to introduce evidence and refused other evidence offered by the taxpayer. At no time did the taxpayer file a written complaint with the board subsequent to any action of the board.

The applicable part of section 12660, supra, provides:

"12660. Complaints to County Equalization Board—Hearing—Appeal. Any taxpayer feeling aggrieved at the assessment as made by the assessor, or the equalization as made by the county board of equalization, may, during the session of said board, or, if the same is closed, within ten days after the first Monday in June, file with said assessor as secretary of said board, a written complaint specifying his grievances and the pertinent facts in relation thereto in ordinary and concise language and without repetition, in such manner as to enable a person of common understanding to know what is intended; and said board shall be authorized and empowered to take evidence pertinent to said complaint and for that purpose is authorized to compel the attendance of witnesses and the production of books and papers by subpoena and to correct or adjust the same, as may seem just. And the stenographer of the county court is directed, at the request of the board, or taxpayer, to take shorthand notes of such testimony and to transcribe such complaint and evidence, and a full transcript of the action of the board thereon and file the same with his certificate as to its accuracy in the district court, the filing of which

transcript shall complete said appeal which shall, in due course, be examined and reviewed by said court and affirmed, modified or annulled as justice shall demand. * * *"

Section 12661, supra, provides:

"12661, State Board of Equalization—Complaints—Hearings—Appeals. A complaint in like manner may be filed before the State Board of Equalization by the aggrieved person, as to any acts of assessment, or the county attorney for the entire taxpaying public of the county as to the equalization during its session or within ten days after its adjournment, which the board shall consider by hearing pertinent evidence adduced through or by any interested person, and for this purpose authority to compel by subpoena the attendance of necessary witnesses, and the production of necessary books and papers is given. The auditor shall cause such evidence to be taken and preserved, shall cause such complaint and evidence, and full transcript of the action of the board theron to be transcribed, and shall certify to the same. Such transcript may be filed by any interested person in the Supreme Court, and shall complete the appeal allowed by law, which transcript shall, in due course, be examined and reviewed by said court and affirmed, modified, or annulled as justice may demand."

The Legislature has provided by these statutes a method by which the action of the various bodies in this state charged with the duties of fixing valuations of property for the purpose of taxation may be reviewed. This method does not contemplate a retrial of the entire matters de novo, but merely provides for a review of the action of the board, as is shown by the provisions of section 12661, O. S. 1931, which, after providing for completion of a transcript of the board's action, says:

"Such transcript may be filed by any interested person in the Supreme Court and shall complete the appeal allowed by law, which transcript shall, in due course, be examined and reviewed by said court, and affirmed, modified, or annulled as justice may demand."

Section 12661 makes the provisions of section 12660 as relates to filing the complaint applicable to proceedings before the State Board of Equalization.

These sections of the statute provide an orderly method of proceedings of the board and the taxpayer whereby a taxpayer feeling himself aggrieved by the action of the board may, during the session of the board, or within ten days after its adjournment, file a complaint in writing, which complaint informs the board of the particular action of which the taxpayer feels aggrieved. The

law contemplates a hearing thereon by the board, with the hearing confined to the matters set forth in the complaint. It contemplates the production of witnesses upon the hearing, if desired, either by the taxpayer or by the board. Review of the action of the board thereon is then provided by transcript.

Sections 12660 and 12661, O. S. 1931, supra, are found in Session Laws of 1915, and appear as sections 2 and 3 of chapter 107 therein. A further examination of the quoted chapter of the Session Laws reveals under section 5 thereof, which is section 12663, O. S. 1931, the following:

"This act shall be construed to give remedies and rights in addition to those of appeal heretofore given by statute, but the remedies of resort to the boards and appeal therefrom shall be the sole remedies for the correction of assessment or equalization."

It will thus be observed that the Legislature intended to provide an exclusive remedy of resort to the boards and appeal therefrom. The Legislature, by sections 12660 and 12661, supra, provided a remedy for the axpayer by permitting him to file a written complaint, and prescribing what shall be contained therein, the time within which same may be filed, the manner in which the record and testimony may be preserved upon a hearing had thereon, when an appeal shall be deemed complete, and upon what the court's determination thereon shall be based, and provided by section 12663, supra, that these rights and remedies shall be the sole remedies in such matters.

Appellant contends that the word "may," as used in "a complaint in like manner may be filed before the state board, * * *" should be construed to mean a mere privilege granted to the taxpayer to file a written complaint, which he may do, or that he may proceed to obtain his remedy by procedure before the board other than by the filing of such complaint, as he desires. We do not agree with this contention. We call attention to the provision of section 12660 supra, prescribing specifically that the complaint shall be "a written complaint specifying his grievances and the pertinent facts in relation thereto in ordinary and concise language and without repetition, in such manner as to enable a person of common understanding to know what is intended." The object of the statute is to grant the taxpayer a right to complain. He may avail himself of this right if he desires to do so, but if he so chooses, he must follow the procedure prescribed by the statute.

It is further urged that the State Board

of Equalization, by its action in not requiring complaints to be filed, waived the filing of same. With this we do not agree, for the reason that the statute itself prescribes the entire method of procedure, and that none other might be employed.

We think the statutes quoted clearly indicate that the Legislature intended to set up the procedure which must be followed in such cases. To hold otherwise would render many of the provisions of these laws meaningless, and would permit undue advantages to be taken by the board, or by the taxpayer, in that evidence might be produced along lines which the opposing party could not foresee, and for which the opposing party could not be prepared. This would result in injury without a remedy, as the statute contemplates a review on transcript with no method provided nor contemplated by the Legislature to supplement the same.

In this case the taxpayer appeared before the State Board of Equalization while it was properly in session and considering assessment valuations and equalization of valuations for tax purposes. No written complaint was filed, and, at the beginning of the hearing, not even an oral statement was made as to the taxpayer's complaint or grievance. The hearing opens with the statement of counsel for the taxpayer that "We renew our request to have the members of the Oklahoma Tax Commission sworn as witnesses," indicating perhaps some former hearing at which a former request was made. When the first witness was called, he answered one question, whereupon statements were made by the Governor, the chairman of the board, and by the taxpayer's attorney at least tending to indicate that the taxpayer complained that something had theretofore occurred when no quorum was present, though this is not clear. The next six or seven pages of the record, containing testimony of the witnesses for the taxpayer, indicate that up to that time the taxpayer was proceeding upon the theory that the board had fixed his property valuation at $35,000, or was about to do so. At that point in the record, however, it appeared that the amount the board had in mind was $15,142. At the end of the hearing, which was short, the matter was concluded by the following statements of the Governor as chairman of the board: "In the absence of a motion to the contrary, the valuation of $15,142 shall be the perma-

nent valuation made by the Board of Equalization. Do I hear any motion to the contrary? The chair hears none, and it is so ordered." To which the taxpayer by his attorney responded, "The taxpayer excepts to the ruling."

It is not clear whether this valuation of $15,142 was then for the first time determined upon and adopted, or whether it had theretofore been adopted and was upon this occasion merely reaffirmed as the continuing conclusion of the board. All this statement of detail is perhaps not material to the question presented by the motion to dismiss this appeal, except as a demonstration of the wisdom of the Legislature in requiring a taxpayer aggrieved at any action of the board to challenge such action by filing a complaint setting out in ordinary and concise language the grounds of complaint. Thereby the issue to be heard and determined would be clear to all. The scope of the hearing would be confined to the issue raised by the complaint. Upon the record then made, appeal may be had to this court, and in no other way can such an appeal be prosecuted.

When the board is in session and taxpayers appear before it to present matters informally, or orally, perhaps it may accord them such hearing as it deems proper, and may make such use of the information thus obtained as it considers helpful in disposing of its work. We do not pass upon that, as it is not before us. But certain it is that no appeal could be based upon any such hearing.

We, therefore, conclude that if a taxpayer desires to challenge the action of a Board of Equalization of this state, and have the same reviewed, he must follow the procedure provided by the Legislature in the statutes quoted herein.

The record herein discloses that the complaining party wholly failed to avail itself of the statutory remedy by the filing of such written complaint as the law provides in such cases, and the record and purported appeal presents nothing to this court for review. Its appeal herein to review the action of the State Board of Equalization is, therefore, dismissed.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, ANDREWS, McNEILL, OSBORN, and BUSBY, JJ., concur. BAYLESS, J., absent.