**FIRST NAT. BANK & TRUST CO. v. BONAPARTE, County Treas., et al.**

No. 25973.    Sept. 10, 1935.

Rehearing Denied Oct. 22, 1935.

Gordon Stater, Wilson & Wilson, Shirk,

Danner & Earnheart, Snyder, Owen & Lybrand, L. D. Threlkeld, and Mont F. Highley, for plaintiff in error.

Lewis R. Morris, County Atty., for defendants in error.

PER CURIAM. This action was originally commenced by G. B. Stone against E. B. Bonaparte, county treasurer, in the district court of Oklahoma county to recover certain alleged illegal taxes paid under protest for the year 1928-1929. By proper orders the successive county treasurers were made defendants to the action. General demurrer of the defendants was overruled. Answer was in the form of a general denial. Trial was had to the court without the intervention of a jury. Judgment of the lower court was in favor of the defendant. Motion for new trial was duly overruled. The plaintiff having departed this life during the pendency of the action, the cause was revived in the name of the First National Bank & Trust Company of Oklahoma City, executor of the estate of G. B. Stone, deceased. The cause is properly before us on appeal. The parties occupy the same relative positions here as in the trial court and will be so referred to.

There is a dispute between the parties as to whether a voluntary return was made by plaintiff's decedent or whether an arbitrary assessment was made by the county assessor on the property involved herein. It appears that this case was one of a large number pending in the district court of Oklahoma county at the same time, and that through stipulation of parties and order of court testimony of certain individuals was taken in one case and made to apply in all, and it is possible that the confusion herein results therefrom. However, from a careful reading of this testimony we are of the opinion that the contention of the plaintiff in this respect is correct, and that the real estate of the plaintiff's decedent was voluntarily rendered to the assessor in 1927, and that the value placed thereon at the time was the sum of $17,000. We are further convinced from the testimony that this assessment was subsequently raised by the county assessor and the value of $23,000 placed on the real estate so returned. It further appears from the evidence that plaintiff's decedent received no notice of this increase in his assessment until the spring of 1928.

It appears from the evidence that the plaintiff's decedent took no further action relative to the increase in his real estate assessment until the spring of 1929, when he paid the 1928-1929 taxes on said real estate under protest and brought this action to recover the alleged illegal portion of the taxes so paid.

As aptly stated in the brief of plaintiff, the issue here presented is in effect the identical issue presented to this court in the case of J. R. Keaton v. E. B. Bonaparte, County Treasurer, et al., 174 Okla. 316, 50 P. (2d) 404, and the conclusions reached in that case effectually dispose of this appeal.

We deem it unnecessary to repeat all that we have said in this latter case, but for the sake of emphasis wish to briefly reiterate section 9971, C. O. S. 1921, affords protection "in all cases where the illegality of a tax is alleged to arise by reason of some action from which the law provides no appeal," and this is the extent of the holding in Hays v. Bonaparte et al., 129 Okla. 258, 264 P. 605. Plaintiff had the opportunity to appear before the board of equalization in 1928 in ample time to present his protest against the assessment so made by the assessor on his real estate for the year 1928, and failing to obtain relief there, he had an opportunity to appeal to the district court. Thus plaintiff's decedent was afforded an adequate remedy and a proper forum for the redress of any injury that he may have sustained by the action of the assessor in the premises, and neglecting to do this, he was thereby precluded from a direct resort to the courts in the first instance. The rule announced in Keaton v. Bonaparte, supra, and the authorities cited therein are hereby adopted as controlling this appeal.

There being no error in the judgment of the trial court, the same is hereby affirmed.

McNEILL, C. J., OSBORN, V. C. J., and RILEY, WELCH, CORN, and GIBSON, JJ., concur. BAYLESS and BUSBY, JJ., absent. PHELPS, J., not participating.