**BONAPARTE, County Treas., et al. v. TRADESMEN'S NATIONAL BANK.**

No. 25977. Jan. 21, 1936.

Lewis R. Morris, County Attorney, and Phil E. Daugherty, Asst. County Attorney, for plaintiffs in error.

Harlan Deupree, Municipal Counselor, and Robert Berry, Asst. Municipal Counselor, for Oklahoma City.

Gordon Stater, for defendant in error.

WELCH, J. This is an appeal from the district court of Oklahoma county, involving the recovery of 1928 taxes paid under protest.

Mr. E. A. Walker, president of the Tradesmen's National Bank, in February, 1927, rendered to the tax assessor for purposes of ad valorem taxation the bank's real estate herein involved. He placed the valuation for such purpose at $297,000. Thereafter the valuation was changed upon the assessment rolls by the assessor to $400,000.

Mr. Walker, as representative of the bank, having received notice of the change, appeared before the board of equalization in June, 1927, and after a hearing or discussion concerning the matter, the formality of which, and legal effect of which, is in controversy, the board stated to Mr. Walker that the original assessment as made by him would be allowed to stand, and that their action in that regard would be final. Whatever might be the legal effect of the action of the equalization board at that time, the record shows that the increased assessment was never changed upon the assessment rolls. The action here concerns the recovery of the protested portion of the 1928 taxes on the property, which were paid under protest in 1929.

Several legal questions are sought to be presented here, the chief of which regards the question of whether or not the taxpayer has pursued the proper remedy. The gist of the taxpayer's contention is that the valuation of its property was increased without notice to it, and that it was thereby deprived of its right of appeal, and, therefore, was authorized to proceed under section 12665, O. S. 1931.

In our view the case is controlled by the recent case of Keaton v. Bonaparte, County Treasurer, et al., 174 Okla. 316, 50 P. (2d) 404. Therein Keaton paid his 1928 taxes under protest in Oklahoma county. He claimed that the assessment of his property as made by him in 1927 was raised without notice to him, and that he was thereby deprived of his right of appeal. He paid his 1927 taxes in the spring of 1928, and at that time obtained notice of the fact that the assessment as rendered by him had been increased. This court in that case held that, having such notice prior to the meeting of the board of equalization in June, 1928, he was thereby given and afforded the right to appear before the board of equalization and procure an adjudgment of his assessment for the year 1928, and not having done so, he cannot resort to the remedy which he sought to invoke, which is the same remedy sought to be invoked in this case.

The record here leaves no doubt, as we view the same, that Mr. Walker, as the bank's representative, had notice of the condition of the assessment of which he here complains prior to the meeting of the board of equalization in June, 1928. His testimony on the point, after having detailed his appearance before the board of equalization in June, 1927, and after having examined

the action taken by that board at that time, shows the following questions and answers:

"Q. What was the next thing you learned about the valuation? A. When I went to pay my taxes I found the valuation was $400,000 instead of $297,000, as it had been agreed upon. Q. Or $103,000 increase? A. Yes, sir. * * * Q. What notice or information did you receive advising you of this increase in the amount of $103,000? A. The first notice I had is, we usually send a list of our property to the county treasurer when taxpaying time comes, and ask him to designate the amount of taxes against each property, and when we got the taxes against our banking property we were surprised as to the amount. We inquired as to the rate and it didn't figure out, then I went down to the treasurer's office to look after it and found the assessment had been increased $103,000 more than the agreed amount. Q. And that was the first you knew of it? A. Yes, sir; that was the first information I had. Q. Did you handle the tax matters for the bank? A. I did."

It is to be seen from this testimony that actual notice of the condition was called to Mr. Walker's attention at taxpaying time when he went to pay his taxes. The next taxpaying time after June of 1927 was prior to the meeting of the equalization board in June of 1928, and, as said in the Keaten Case, supra, it was incumbent upon the taxpayer to present the matter of his alleged erroneous assessment to such board, as the law provides.

Paragraphs 1, 2, and 3 of the syllabus in Keaten v. Bonaparte, supra, are adopted as paragraphs 1, 2, and 3 of the syllabus here, and the cause is reversed, with instructions to dismiss.

McNEILL, C. J., and BAYLESS, CORN, and GIBSON, JJ., concur.