FLOWER HOSPITAL, Inc., v. BOARD OF EQUALIZATION OF TULSA COUNTY.

No. 29974. Jan. 13, 1942.

Rehearing Denied June 9, 1942. Application for Leave to File Second Petition for Rehearing Denied July 7, 1942.

*127 P. 2d 177.*

Marvin T. Johnson, of Tulsa, for plaintiff in error.

Dixie Gilmer, County Atty., and John F. Conway, Asst. County Atty., both of Tulsa, for defendant in error.

RILEY, J. This is a proceeding wherein plaintiff in error appeals from a finding and order of the district court of Tulsa county, on appeal from an order of the county board of equalization of Tulsa county.

Plaintiff in error is a corporation incorporated as a nonprofit organization about July 25, 1938, with its principal place of business in Tulsa county. On April 24, 1939, the board of equalization of Tulsa county issued a notice directed to said corporation to the effect that said corporation had failed to make a proper return for the year 1939, as required by section 4, ch. 115, S. L. 1933, reciting that said law required the county assessor and the county equalization board to use such information as is obtainable to arrive at a fair taxable valuation of the property of the corporation, and for failure to make return add thereto a penalty of 50 per cent of the valuation so determined; that the board had fixed the sum of $3,000 as a fair valuation of the property of said corporation, and had added the statutory penalty of 50 per cent, which would make the aggregate assessment $4,500; that five days from the receipt of such notice was allowed in which the corporation might file its petition with the board.

Within the five days the corporation filed with the board its protest in writing setting forth receipt of the notice on April 28, 1939, and protesting against the proposed assessment on the ground:

"Flower Hospital, Inc., a corporation, objects and protests any such proposed assessment or any part thereof for the reason that Flower Hospital, Inc., is a benevolent corporation not organized for profit and the assessment proposed to be made against it is in violation of law and the Constitution of the State of Oklahoma.

"That all of the property owned and possessed by your protestant is exempt from taxation because your protestant is a benevolent corporation and therefore not taxable ad valorem as proposed to be assessed by your honorable body."

Hearing was had before the board of equalization on May 31, 1939, resulting in an order denying the protest. The corporation in due time filed its notice of appeal to the district court of Tulsa county. Transcript of the proceedings before the board of equalization was filed in due time.

The matter came on for hearing before the court on February 29, 1940. Thereupon the board presented as a witness the deputy county treasurer with his records showing taxes for the year 1939 not paid under protest; whereupon, counsel for protestant and the court inquired the purpose of such evidence. The assistant county attorney stated to the court:

"Well, Your Honor, the statute provides in case an appeal is taken from the board of equalization that the taxes shall be paid in the time and manner required by law, under protest; and when it is made to appear that the taxes were not paid in the time and manner required by law under protest, the appeal shall be dismissed. I can read that statute if Your Honor wants to hear it."

Thereupon, counsel for protestant admitted in open court that the taxes on said property for the year 1939 had not been paid under protest or otherwise, stating as the reason therefor that the property was not taxable. Protestant again objected to the competency of such evidence or admission. The court overruled the objection, but made no ruling on the question of whether the appeal should be dismissed. Thereupon, the protestant, over the objection of the county attorney, put on its evidence as though the matter was on for trial de

novo. The transcript of the evidence taken before the board of equalization was also introduced in evidence. But before any evidence was introduced by the corporation, the county attorney moved to dismiss on the showing made and the admission that the taxes assessed had not been paid.

The court overruled the motion and exceptions were saved to the ruling. Thereupon, the court proceeded to hear the evidence offered by protestant, and at the close thereof, denied the protest, apparently upon the ground that the evidence showed that the property used by the corporation was not used exclusively for charitable purposes, although there was no specific finding to that effect in the journal entry or order. But the trial court of its own motion reduced the assessed valuation of the property from $3,000 to $2,500. From that order the corporation prosecutes this appeal.

At the outset our attention is directed to the question raised by the county attorney—that the appeal from the board of equalization should have been dismissed when it was admitted that the taxes assessed against the property involved had not been paid under protest and the county treasurer notified of the pendency of said appeal.

There is no cross-petition in error assailing the ruling of the trial court on the motion to dismiss. Ordinarily we would hold that the ruling, though erroneous, could not be reviewed by this court in the absence of a cross-petition in error. But in this case a serious question arises as to the power or jurisdiction of the trial court to proceed after the showing and admissions were made.

Section 12646, O. S. 1931, as amended by section 6, ch. 115, S. L. 1933, 68 Okla. Stat. Ann. § 255, provides that the county boards of equalization have the authority, and it is made their duty, to equalize the assessed valuation of real and personal properties, and "to add omitted property." Section 12660, O. S. 1931, as amended by section 7, ch. 115 S. L. 1933, 68 Okla. Stat. Ann. § 258,

provides for an appeal from the board of equalization to the district court. Section 12664, O. S. 1931, 68 Okla. Stat. Ann. § 262, provides:

"The full amount of the taxes assessed against the property of any such aggrieved person shall be paid at the time and in the manner provided by law; and if at the time such taxes or any part thereof become due, any such appeal is pending, it shall abate and be dismissed upon a showing that such taxes have not been paid. When such taxes are paid, the persons paying the same shall give notice to the officer authorized to collect them that an appeal involving such taxes has been taken and is pending. It shall be the duty of such collecting officer to hold such taxes so paid separate and apart from other taxes collected by him. If upon the final determination of any such appeal, it shall be determined that the taxes were illegally collected as not owing to the state, county or subdivision of the county, the court shall render judgment showing the correct and legal amount of taxes owed by such appellant, and shall issue an order in accordance with the court's findings; and if such order show that the taxes so paid are in excess of the legal and correct amount due, the collecting officer shall pay to such person the excess tax, and shall take a receipt therefor."

The latter section has been in force without amendment since 1915. At law the abatement of a suit is a complete termination of that particular suit so it cannot be revived. 1 Corpus Juris 26. So, if the statutory provision that the appeal shall abate and be dismissed upon a showing that the taxes assessed upon said property had not been paid at the time and in the manner provided by law means anything, it means that by operation of law the appeal completely terminated upon such showing or admission. The reason why such taxes are not paid is wholly beside the question. The statute makes no exception. It is clear that when the admission was made in open court, the court was thereafter without power to enter any order other than one dismissing the appeal. In the absence of an appeal, to the district court from the board's

decision and effective appeal to this court, we are not authorized to review the proceedings. There was an appeal from the decision of the board, but under the statute above quoted, it abated when it was shown that the taxes assessed against the property of plaintiff in error had not been paid at the time and in the manner provided by law.

It has been repeatedly held that the remedy provided by sections 12646 and 12660 is exclusive. In re Macthwaite Oil & Gas Co.'s Assessment, 165 Okla. 44, 25 P. 2d 637; In re Southwest Utilities Service Co.'s Assessment, 165 Okla. 43, 25 P. 2d 636; In re Seminole Gas Co.'s Assessment, 165 Okla. 43, 25 P. 2d 635; In re Earlsboro Gas Co.'s Assessment, 165 Okla. 40, 25 P. 2d 632; Keaton v. Bonaparte, 174 Okla. 316, 50 P. 2d 404; First National Bank & Trust Co. v. Bonaparte, 174 Okla. 315, 50 P. 2d 407; Blake, Co. Treas., et al. v. Metz, 136 Okla. 146, 276 P. 762; Blake v. Young, 128 Okla. 153, 261 P. 923. All those cases deal with questions going to the value of property admittedly taxable.

Plaintiff in error in the reply brief, in answering the contention of the county attorney, calls attention to the particular wording of section 12660, as amended, wherein it provides that in any case where the county assessor or the county board of equalization shall increase the valuation of any property above the value returned by the taxpayer, notice shall be given to the person in whose name any such property is listed, etc.; that such person shall have five days to file written complaint, and that the taxpayer shall have the right to appeal from the finding of the board, etc. It is then argued in effect that the right of appeal is given only to a person who is aggrieved by the action of the board in increasing the valuation of such person's property above the value returned by him, and that section 12664, supra, provides that the full amount of the taxes assessed against the property of such aggrieved person shall be paid at the time and manner provided by law.

It is then argued that the words "such aggrieved person," as used in the latter section, means only the person the valuation of whose property has been increased, and has no application to a person who has returned no property and the board itself has placed the property on the assessment roll, which applies in the instant case to the Flower Hospital, Inc., and, therefore, it was not required to pay the full amount of taxes assessed against its property in order to maintain its appeal. Assuming, without deciding, that this may be true, it follows, according to plaintiff in error's own argument, that as to it there was no right of appeal. If this be true, the appeal should be dismissed because there was no right of appeal in the first instance. It may be that, there being no appeal, the corporation should have proceeded under section 12665, O. S. 1931, 68 Okla. Stat. Ann. § 263, which applies in all cases where the illegality of the tax is alleged to arise by reason of some action from which the laws provide no appeal. Or it may be that the corporation may proceed under section 12653, O. S. 1931, 68 Okla. Stat. Ann. § 256, which provides that the proceedings before the board of equalization and appeals therefrom shall be the sole method by which assessments or equalizations shall be corrected or taxes abated, and that "equitable remedies shall be resorted to only where the aggrieved party has no taxable property within the tax district of which complaint is made." But these questions are not before the court.

If plaintiff in error had the right of appeal from the board of equalization, the statute plainly provides that in order to maintain said appeal, it was required to pay the full amount of taxes assessed against its property, at the time and in the manner provided by law. Having admittedly failed to so do, the appeal abated upon the showing being made to the court, and the court was authorized to make no order thereafter except one dismissing the appeal.

The appeal is dismissed and the cause is remanded, with directions to dismiss.

CORN, V. C. J., and OSBORN, BAYLESS, GIBSON, and HURST, JJ., concur. WELCH, C. J., dissents. DAVISON and ARNOLD, JJ., absent.