### HAYS v. BONAPARTE, Co. Treas.

No. 18098.   Opinion Filed Feb. 21, 1928.

(Syllabus.)

1. Taxation—Assessment — Valuation Increased Without Notice to Owner— Remedy by Payment of Taxes Under Protest and Suit to Recover Illegal Portion.

When property has been voluntarily listed for taxation by the owner and the valuation placed thereon by him is increased by the assessor or by the board of equalization without timely notice to him or without his knowledge or consent and he is thereby deprived of his right of appeal, his remedy is to pay the taxes under protest and proceed in accordance with the provisions of section 9971, C. O. S. 1921.

2. Same—Judgment Against Taxpayer not Sustained.

Record examined, and held, insufficient to support the judgment of the trial court.

Error from District Court, Oklahoma County; T. G. Chambers, Judge.

Action by G. K. Hays against E. B. Bonaparte, County Treasurer of Oklahoma County. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

Adelbert Brown and Gordon Stater, for plaintiff in error.

J. K. Wright, Co. Atty., and W. F. Smith, Asst. Co. Atty., for defendant in error.

HEFNER, J.   G. K. Hays, as plaintiff, sued E. B. Bonaparte, county treasurer of Oklahoma county, for the recovery of alleged illegal taxes. He paid the taxes under protest and the notice thereof was duly served and, within the time prescribed by law, suit was filed to recover the amount claimed to be illegal on account of an increase of the valuation. The defendant filed a demurrer to the petition and it was sustained by the court. Plaintiff elected to stand upon the demurrer. Judgment was rendered for the defendant; from which judgment, the plaintiff has appealed to this court.

The defendant first raises the question that

the plaintiff could not maintain this suit because he was not the owner of the land.

The first allegation in the plaintiff's petition is that he is the owner of the property located in Oklahoma county and subject to ad valorem taxation. In addition thereto, he alleges:

"That the said property in truth and in fact is the property of the plaintiff herein, G. K. Hays, and that while the rendition or assessment list reads Nellie Havenhill Hays, who is the plaintiff's wife, all of the things aforesaid were done by the plaintiff, and plaintiff not only owns the home but has always paid the taxes thereon, of which fact said county treasurer was at all times fully advised."

Since a demurrer was sustained to the petition, the allegations must be admitted as true. Under the allegations the plaintiff undoubtedly had authority to maintain the suit.

The defendant's principal defense was that the trial court had no jurisdiction of the subject-matter because the plaintiff had not followed the proper procedure in bringing the action before the trial court. Plaintiff brought suit under section 9971, C. O. S. 1921. The section, in part, is as follows:

"In all cases where the illegality of the tax is alleged to arise by reason of some action from which the laws provide no appeal, the aggrieved person shall pay the full amount of the taxes at the time and in the manner provided by law, and shall give notice to the officer collecting the taxes showing the grounds of complaint and that suit will be brought against the officer for recovery of them."

The defendant contends that it was the duty of the plaintiff to bring a proceeding before the county commissioners and in case of an adverse decision, appeal therefrom. Since the case is here on demurrer, as to whether or not this contention is true depends upon the allegations in the petition. He alleges that the property was duly rendered for taxation at the valuation of $2,500 and at the time he rendered it he advised the county assessor that the valuation was too high, and that he was advised that said amount would be reduced and that he would be notified of such reduction; that thereafter plaintiff received notice from the assessor advising him that said valuation was fixed at $1,900, that the property was assessed on or before June 1, 1925, at $1,900 and was assessed by the officer charged with the duty of making such assessment, and that after it had been so assessed and the valuation fixed thereon by the proper officer the assessment was duly accepted and agreed upon between him and the assessor; that after said rendition and assessment was legally made, it was illegally and improperly increased to the sum of $2,800 without authority of law and was increased without any notice to him and without his knowledge or consent; that he did not discover the increase in the valuation until he went to pay the taxes, which time was more than five months after the adjournment of the county board of equalization.

Plaintiff further alleges that the recovery sought was not occasioned because any real property had been assessed to a person not owning the same nor upon property exempt from taxation. He admitted the validity of the tax on the $1,900 valuation, but alleged that the taxes due by reason of the increased valuation were illegal and void.

If, under these allegations, the illegality of the tax arises by reason of an action from which the laws provide no appeal, then it was the duty of the plaintiff to bring his action in the manner provided in section 9971, supra. He could not prosecute his remedy before the equalization board because, under the allegations, he had no notice of the change in the valuation until five months after the equalization board had adjourned. There are certain cases in which the county commissioners may issue a certificate of error. A portion of section 9674, C. O. S. 1921, is as follows:

"* * * And if upon such hearing it appears that any personal or real property has been assessed to any person, firm, or corporation not owning or claiming to own same, or that property exempt from taxation has been assessed, it shall be the duty of the board of county commissioners to correct such error, and the county clerk, upon the order of said board, shall issue a certificate of error to the county treasurer, stating the amount of such correction, which amount the treasurer shall deduct from the original assessment or assessed amount. * * *"

This statute confers upon the county commissioners jurisdiction in two classes of cases. A portion of section 9648, C. O. S. 1921, in substance, provides that where the same property, whether real or personal, has been assessed more than once for the taxes of the same year or has been assessed for the taxes of a year to which the same was not subject, the board of county commissioners is empowered to issue a certificate of error. These two sections give the county commissioners jurisdiction in at least three classes of cases in which the board is authorized to issue certificates of

error in assessment. They are as follows: First, when property has been assessed to any person not owning or claiming to own the same; second, when property has been assessed that is exempt from taxation; third, when property has been assessed more than once for the taxes of the same year or has been assessed for taxes for a year to which the same was not subject to taxation. Neither of these sections confers on the county commissioners jurisdiction in a case where the valuation has been raised by the county assessor or by the board of equalization. It follows that the county commissioners had no jurisdiction to grant plaintiff relief. If the commissioners had jurisdiction to grant relief in plaintiff's cause of action, he could not maintain his suit here, but his remedy would be before the county commissioners, and, in case of an adverse decision, an appeal therefrom.

Plaintiff scheduled his property for assessment at $2,500 and at the same time made complaint to the assessor that the assessment was too high. The assessor investigated the matter and reduced the assessment to $1,900 and notified the plaintiff that the assessed valuation had been so fixed. Thereafter the valuation of the property was raised to $2,800 without any notice to the plaintiff. The plaintiff voluntarily rendered his property for taxation, and we shall only consider the applicable statutes to such a rendition.

A portion of section 9619, C. O. S. 1921, is as follows:

"* * * All property is to be valued to the assessor, by the person whose duty it is to list the same, but the assessor may place a different value on the same if he is satisfied that the value so given is not correct and he shall give to the person so listing the same a copy of the schedule; and the assessor shall seek to have assessed the same classes of property at a uniform value throughout the county."

Under this statute it is the duty of the property owner to place a valuation on the property, but the assessor may place a different valuation on the same, and if this is done, it is the duty of the assessor to give to the property owner a copy of the schedule which shows the valuation placed thereon by him.

In the case of In re Rolater, 67 Okla. 215, 170 Pac. 507, the second paragraph of the syllabus is as follows:

"The purpose of section 7324, Rev. Laws 1910, in requiring the assessor to give the person listing property a copy of the schedule, when the assessor places an increased value on the property, is to give notice of the increased valuation so the owner may protest, and when it appears the property owner appeared before the board and made a protest, which was heard and considered, the failure of the assessor to deliver a copy of the schedule will not render the assessment void."

Under this authority, when property has been scheduled by the property owner and a valuation placed thereon by him, and the valuation is thereafter increased by the assessor, it is the duty of the assessor to deliver a copy of the schedule to the property owner, thereby giving him an opportunity to file a protest before the proper officials. If this were not true, it would necessitate the appearance before the equalization board of every property owner in the county who voluntarily renders his property to ascertain whether or not the assessor had increased the valuation placed thereon by the owner.

Section 9671, C. O. S. 1921, is as follows:

"* * * When any assessment has been raised, or other property added thereto, by the board, five days' notice thereof, in writing, shall be given to the owner of such property, or his agent, properly mailed to such person, at his post office address appearing on the assessment sheet, to appear at a time and place fixed in said notice, and show cause why such assessment shall not be increased or other property added thereto."

From the foregoing provision of the statute it is clear that when property has been assessed for taxation the equalization board may raise or lower such assessment, but this can be done only by giving five days' notice thereof as is prescribed in the statute, unless the property owner had timely actual notice thereof.

We assume that the increased valuation was made either by the assessor or by the equalization board. In either event, however, this cannot be done without notice to the property owner as is provided by the statutes, unless the owner had actual knowledge of such increase in time to file a protest before the proper officials. Under the allegations in plaintiff's petition, the increase was made without his knowledge or consent and he had no knowledge of such increase until he went to pay his taxes some five months after the adjournment of the equalization board.

The notice to the property owner provided for in sections 9619 and 9671, supra, is not directory, but mandatory. If the assessor increased the valuation placed on the property by the plaintiff, it was his duty to

give notice to the plaintiff or his agent as is provided in section 9619, supra. Had this been done, the only remedy plaintiff could pursue would be to file a protest with the county equalization board and appeal from it in event he was not satisfied with its action thereon.

If the increase in the valuation was made by the county equalization board and notice had been given as is provided for in section 9671, supra, his only remedy would then be to appear before the board of equalization and show cause why such assessment should not be increased and, if dissatisfied with the action of the equalization board thereon, appeal therefrom.

Since no notice was given in compliance with the requirements of the statutes, and since he had no knowledge of the increase until long after the equalization board had adjourned, and since the county commissioners had no jurisdiction to grant relief in the case declared upon, his cause of action was properly brought under section 9971, supra.

It follows that where property voluntarily listed taxation by the owner and the valuation placed thereon by the owner is increased by the assessor or by the board of equalization without timely notice to such owner and he is thereby deprived of his right of appeal, his remedy is to pay the taxes under protest under section 9971, supra, and proceed in accordance with said section.

The judgment of the trial court is reversed, with directions to overrule the demurrer of the defendant.

MASON, V. C. J., and HARRISON, PHELPS, HUNT, CLARK, and RILEY, JJ., concur. BRANSON, C. J., dissents.

Note.—See under (1) 37 Cyc. p. 1184; anno. L. R. A. 1916E, 35: 24 A. L. R. 339: 26 R. C. L. p. 352: 5 R. C. L. Supp. p. 1404. (2) 37 Cyc. p. 1189.