In re GIBBENS et al.

No. 20090.  Opinion Filed March 25, 1930.

Brown & Stater, for protestants.

Geo. M. Callihan, Co. Atty., I. L. Harris, Asst. Co. Atty., and M. W. McKenzie, Municipal Counselor, for protestee.

ANDREWS, J.  This action was instituted by the filing of a protest in the Court of Tax Review pursuant to the provisions of Initiative Petition No. 100.  The protest is based on an alleged increase, without notice, in the assessed valuation of protestants' property. The tax year involved is the fiscal year beginning July 1, 1928.  The matter was heard by the Court of Tax Review on an agreed statement of facts.  That court held that the provisions of Initiative Petition No. 100 do not apply to the facts presented by the protest; that the protest was based on facts that do not affect all taxpayers in the taxpaying jurisdiction proportionately alike, and that the remedy of the protestants was under the provisions of section 9971, C. O. S. 1921, and dismissed the proceeding.

The protestants appealed to this court and present but one question, which is, Has the Court of Tax Review jurisdiction to review the valuation placed on the several properties within the taxing jurisdiction?

Both parties agree that the rule announced in Hays v. Bonaparte, 129 Okla. 258, 264 Pac. 605, as follows:

"When property has been voluntarily listed for taxation by the owner and the valuation placed thereon by him is increased by the assessor or the board of equalization without timely notice to him or without his knowledge or consent and he is thereby deprived of his right of appeal, his remedy is to pay the taxes under protest and proceed in accordance with the provisions of section 9971, C. O. S. 1921"

—determines the rights of the protestants if it is applicable and available after Initiative Petition No. 100 became effective.

This court in Re Protest of First National Bank of Guthrie, 136 Okla. 141, 276 Pac. 766, held that the Court of Tax Review may review the valuation placed upon property subject to ad valorem taxation, as approved by the board of equalization, in order that the amount of money necessary to be raised by ad valorem taxation may be ascertained, but it did not hold that the valuation placed on the several properties within the taxing jurisdiction could be reviewed by that court. A review of the valuation of the entire property is necessary that the rates of levy may be determined.  The valuation of the several properties within the taxing jurisdiction may not be inquired into by the Court of Tax Reveiw.

This court in that case held that section 9971, supra, remains in force and effect in so far as it affects questions which involve the application of a legal ad valorem tax levy in an unlawful manner or to specific property, and under the provisions of that section the protestants have all the rights stated in Hays v. Bonaparte, supra.

The question involved here being a question of whether or not the valuation of the property of the protestants was unlawfully increased, the Court of Tax Review had no jurisdiction to determine the same.

The judgment of the Court of Tax Review is affirmed.

MASON, C. J., and HUNT, CLARK, RILEY, CULLISON, and SWINDALL, JJ., concur. LESTER, V. C. J., and HEFNER, J., absent.