### ABERNATHY et al. v. BONAPARTE, Co. Treas., et al.

No. 21498. Nov. 14, 1933.

J. B. Dudley, Adelbert Brown, Gordon Stater, Mont. F. Highley, L. D. Threlkeld,

O. K. Wetzel, Snyder, Owen & Lybrand, Shirk, Danner & Phelps, Wilson & Wilson, & Owens, A. M. Beets, Embry, Johnson, Crowe & Tolbert, and S. K. Bernstein, for plaintiffs in error.

Lewis R. Morris, Co. Atty., and B. C. Logsdon, Asst. Co. Atty., for defendants in error

BUSBY, J. In April of 1928, a tax protest action was commenced in the district court of Oklahoma county. Twelve causes of action were contained in the petition therein filed. On June 6, 1928, an amendment to this petition was filed affecting the first ten causes of action. On July 7, 1928, a journal entry of judgment reciting that a judgment had been previously rendered on June 29, 1928, was filed and recorded in the office of the court clerk of Oklahoma county. This journal entry had been signed by Hon. T. G. Chambers, one of the district judges of Oklahoma county. It purported to render judgment in favor of approximately 2,000 protesting taxpayers against the county treasurer of Oklahoma county on the eleventh and twelfth causes of action contained in the petition.

On December 5, 1928, another journal entry of judgment in the same case was filed with the court clerk of Oklahoma county, reciting that a judgment had been rendered on November 20, 1928, in favor of the protesting taxpayers on the first four causes of action in the petition. This journal entry was also signed by Judge Chambers. The amount of the judgment was $175,080.47.

In March of 1929, separate proceedings were filed by the county treasurer seeking the vacation of the above-mentioned judgment. Issues were joined by answer in each of these proceedings to vacate. They were tried as companion cases before the Hon. Earl Welch, assigned trial judge. In each of them judgment was rendered setting aside and vacating the previous alleged judgment. The record reflects that the evidence in the two cases was practically identical. The same legal questions were involved in so far as the existence of the grounds for vacation of the previous judgments was concerned. Both cases were appealed to this court.

In cause No. 21497, styled J. N. Abernathy v. Paul Huston, County Treasurer, this day decided, 166 Okla. 184, 26 P. (2d) 939, this court upheld the decision of the trial court vacating the alleged judgment of June 29, 1928. It was announced in that opinion that judgment of the trial court was sustainable upon two theories, each of such theories being sufficient in itself. They were: (1) That the alleged judgment vacated was in fact no judgment at all, being an erroneous record, reciting the existence of a judgment which had never been rendered; (2) that if treated as a judgment, the facts and circumstances surrounding the signing of the journal entry amounted to a legal fraud.

A review of the record in this case convinces us that, while there is some slight distinction as to detail in connection with the entry of the purported judgment of November 20, 1928, the controlling factors are identical in principle with those surrounding the judgment of June 29, 1928, and that the judgment in this case vacating the alleged judgment of November 20, 1928, should be affirmed upon application of the same legal principles applied in cause No. 21497, supra.

A distinction between the two judgments vacated exists in connection with the causes of actions upon which they were based. The protesting taxpayers say that the record in this case does not establish the existence of a valid defense to the causes of action upon which the judgment of November 20, 1928, was based.

This brings us to a consideration of the question of necessity of showing a meritorious defense as a condition precedent to the vacation of a judgment. If the judgment of the trial court in the case at bar vacating the previous judgment of the district court of Oklahoma county was sustainable only on the grounds of fraud, it would be incumbent upon this court to analyze the record and determine the existence of a prima facie valid defense to each of the causes of action upon which the alleged judgment was based. In such case the judgment would be voidable only as distinguished from void. A different rule obtains in the case of a void judgment. In such a case it is unnecessary to establish a valid defense as a condition precedent to setting aside the judgment. This rule is applicable even though the void character of the judgment does not appear from an examination of the judgment roll and evidence is required to establish its invalidity. Wheatland Grain & Lumber Co. v. Dowden, 26 Okla. 441, 110 P. 898. Stumpff v. Price. 74 Okla. 117, 177 P. 109; Mayhue v. Clapp, 128 Okla. 1, 261 P. 144.

Since we have already determined that the purported judgment in the case at bar was in fact no judgment at all, but merely an

erroneous record of the existence of a judgment which had never been rendered, it follows that such alleged judgment was void, and it was not essential that a valid defense to each of the causes of action be established.

In passing, however, we might add that we have examined the record with reference to defenses, and we find that there was a valid defense to some of the taxpayers' causes of action. But, in view of our holding that the purported judgment was void, we do not deem it necessary to discuss this subject in detail. The judgment of the trial court in the case at bar is affirmed.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, McNEILL, and OSBORN, JJ., concur. ANDREWS, J., dissents. BAYLESS, J., absent. WELCH, J., disqualified.