TABER, County Treas., v. CARTER OIL CO.

No. 26188.  April 28, 1936.

Guy L. Horton, County Attorney of Payne County, and Leon J. York, Asst. County Attorney, for plaintiff in error.

Jas. A. Veasey, L. G. Owen, and Forrest M. Darrough, for defendant in error.

OSBORN, V. C. J.  This action was instituted in the district court of Payne county by the Carter Oil Company, as plaintiff, against George W. Taber, county treasurer of Payne county, as defendant, to recover certain taxes paid under protest. From a judgment in favor of plaintiff, defendant has appealed. The parties will be referred to as they appeared in the trial court.

The record shows that the plaintiff is the owner of a number of oil storage tanks located in Payne county. Said property was listed and assessed as of January 1, 1933,

for the fiscal year of 1933-34, with the county assessor of Payne county as improvements on real estate at an assessed valuation of $280,500. This valuation was approved by the county board of equalization. The county assessor prepared an abstract showing the total valuation of all c'asses of real and personal property in Payne county and forwarded the same to the State Board of Equalization. On September 29, 1933, said board passed a resolution which is, in part, as follows:

"Whereas, the State Board of Equalization has examined the county assessments as reported by the various county assessors to the Oklahoma Tax Commission and has done all things required of it by the Constitution and laws of this state relating to the equalization, correction and adjustments of the assessments of the several classes of real and personal property of the several counties of the state, and,

"Whereas, all complaints as to such equalization, correction and adjustment have been heard and adjudicated,

"Be it Resolved by the State Board of Equalization in regular session this 29th day of September, 1933, that its final action with reference to such equalization, correction and adjustment be as follows: * * *

"(E) Increase Item 400, Tankage, by 80 per cent., or from $279,283 to $503,424. * * *

"Be it Further Resolved that the action of the board in increasing or decreasing classes of property such as tankage, gasoline plants and refineries applies to all such property located within each affected county, regardless of whether such property be located on fee or leased land, and regardless of whether such property be reported by the county assessors under the proper classification or reported as improvements on real estate; the board having considered all tankage as a class of property, all gasoline plants as a class of property and all refineries as a class of property."

No notice of the resolution was given to any official of Payne county. The county assessor later received a certified copy of the above order and proceeded to raise the valuation of all oil storage tanks located in Payne county by 80 per cent., which included the oil storage tanks of plaintiff. Plaintiff paid that portion of the tax represented by the 80 per cent. increase in valuation under protest and instituted this action to recover the same. Plaintiff contended, and the trial court found, that the order increasing the valuation was void because no notice of said increase was given to the secretary of the county board of equalization or the county commissioners of Payne county. Subdivision

C, section 1, chapter 100, Session Laws 1933, amending section 12656, O. S. 1931, provides as follows:

"No change made by the State Board of Equalization in the assessed valuation of any property in any county in this state by county, subdivision or class, shall be final until ten days' notice of said change shall have been given the secretary of the board of equalization of said county, and an opportunity afforded for a hearing on said change; and where any change is made by said State Board of Equalization in the assessed valuation of the property of any individual taxpayer a like notice shall be given such taxpayer and the clerk of such county board of equalization, and a like opportunity afforded for a hearing thereon."

Prior to the amendment of section 12656, O. S. 1931, it provided, in part, as follows:

"Provided that no change in the assessed valuation of any county in this state shall be binding until ten days' notice of said change shall have been given the board of county commissioners of said county and an opportunity given for a hearing on said change."

Upon appeal it is urged by defendant that plaintiff was not entitled to notice of the order of the State Board of Equalization and the fact that the secretary of the county board of equalization was not notified is a matter of which only the taxing officia's of Payne county can complain. It is conceded in the briefs that the question raised has not heretofore been presented to this court. It was held in the recent case of Shell Petroleum Corporation v. State Board of Equalization, 170 Okla. 581, 41 P. (2d) 106, that no notice is provided by the statute nor required to be given to the taxpayers of the county whose assessments have been raised or lowered by the State Board of Equalization, but the rule so announced is not determinative of the issue involved herein.

In the case of Northwestern Bell Telephone Company v. State Board of Equalization (Neb.) 227 N. W. 452, the issues of law and fact were practically identical with the issues involved herein. Therein the court said:

"Where an increase in the assessed valuation of any class or classes of property, as returned by any county or counties, is made by the State Board of Equalization and assessment, without notice to such county or counties, and without affording sufficient opportunity to be heard, such increase is in violation of section 5901, Comp. St. 1922, and amounts to confiscation of property without due process and is therefore a void increase of assessment."

See, also, In re Equalization of Assessment of Natural Gas Pipe Lines (Neb.) 242 N. W. 609; Gray v. Foster (Ind. App.) 92 N. E. 7; Scott v. Barr (Ind. App.) 106 N. E. 891. We quote from the body of the opinion in the last-cited case:

"We are of the opinion, however, that, in order to make valid an increase in assessments such as that under consideration, the notification of the board of county commissioners and the calling into session of that board, prescribed by section 10296. Burns' 1908, is as essential as the notice to the taxpayers prescribed by the same section. By virtue of its position, the board of county commissioners is peculiarly the guardian of the taxpayers of the county in matters such as the present. Further, section 10296, supra, renders it the particular duty of the board of county commissioners * * * to take such steps as it may deem proper and expedient to protect the interest of the taxpayers at such hearing and prevent an unjust and inequitable increase in the assessment of the property of such county."

The language of our own statutes is plain and unambiguous, and we find no difficulty in ascertaining the legislative intent. The statutes provided for a notice of any change of valuation to be served upon certain officials of the county who are the agents of the public whose duty it is to safeguard and protect the rights of all the taxpayers within the county. In this case the State Board of Equalization increased the valuation of plaintiff's property by 80 per cent. The record shows that the county board of equalization had theretofore passed upon the valuation of said property. The service of notice upon the secretary of the county board of equalization (the county clerk) is tantamount to service of notice upon the board itself. The law provides for a hearing upon any contemplated change of valuation by the state board, and contemplates representation of the interested taxpayers before said board by those officials who have theretofore passed upon and determined the valuation of the property. By the failure of the State Board of Equalization to conform to the plain mandate of the statute, plaintiff, as an interested property owner, was deprived of such hearing. There was involved a substantial violation of the positive terms of the statute, and the trial court did not err in holding that the order increasing the valuation of the property involved herein was invalid and ineffective.

Defendant further contends that the sole remedy of plaintiff was an appeal from the State Board of Equalization under the provisions of section 8, chapter 115, Session Laws 1933, amending section 12661, O. S. 1931, which provides for an appeal to this court from any order of said board within ten days after the adjournment of said board, and that the remedy provided by section 12665, O. S. 1931, providing for the payment of taxes under protest and the institution of an action to recover the same, is not applicable. In the case of Hays v. Bonaparte, 129 Okla. 258, 264 P. 605, it is said:

"When property has been voluntarily listed for taxation by the owner and the valuation placed thereon by him is increased by the assessor or by the board of equalization without timely notice to him or without his knowledge or consent and he is thereby deprived of his right of appeal, his remedy is to pay the taxes under protest and proceed in accordance with the provisions of section 9971, C. O. S. 1921 (sec. 12665, O. S. 1931)."

To the same effect are the cases of Bond v. Zweigel, 130 Okla. 1, 264 P. 893, and In re Gibbens, 142 Okla. 180, 286 P. 318. In these cases there was an increase of valuation by the county assessor or the county board of equalization without notice to the taxpayer, and in the instant case the increase was by the state board without compliance with the statute, thereby depriving plaintiff of the right to be represented and heard. The principle involved in the cases is the same. Upon the authority of the cited cases, we hold that plaintiff availed itself of the proper remedy.

The judgment is affirmed.

RILEY, BAYLESS, BUSBY, WELCH, PHELPS, CORN, and GIBSON, JJ., concur. McNEILL, C. J., absent.