## BONAPARTE, County Treasurer, v. WALKER et al.

No. 27982. March 29, 1938.

Lewis R. Morris, County Atty., and Phil E. Daugherty, Asst. County Atty., for plaintiffs in error.

Gordon Stater, John H. Dawson, and A. M. Beets, for defendants in error.

GIBSON, J. This case arises out of the matters involved in the cases of Abernathy v. Huston, County Treasurer, 166 Okla. 184, 26 P.2d 939, and Abernathy v. Bonaparte, County Treasurer, 166 Okla. 192, 26 P.2d 947. In those cases this court upheld the action of the trial judge in vacating judgments rendered for certain protesting taxpayers, and stated that the decisions left the cases open for trial.

Following those decisions two of the protesting taxpayers, defendants in error here, stipulated for docketing their actions separately. This was done, but in addition, over the objection of the county treasurer, the taxpayers filed amended petitions. Only one of the numerous causes of action originally relied on is at issue here. This is the one relating to the alleged increase in valuation of taxable property without notice, discussed in Abernathy v. Huston, supra, wherein this court said that the issue of law involved had been settled in the case of Hays v. Bonaparte, 129 Okla. 258, 264 P. 605, but held that the question of lack of knowledge or notice of an increase in assessment was one of fact to be based upon the evidence as to each individual.

After amendment of the petition and trial thereon, judgment was rendered for the taxpayers, and the county treasurer appeals. He assigns as error the filing of the amended petition, and urges the nonapplicability of the case of Hays v. Bonaparte, supra, to the facts here.

The original petition involved taxes for the year 1927. The amendment was filed approximately eight years later. An amendment may be allowed after trial has been commenced when it does not substantially change the claim. Turner v. Pitts, 162 Okla. 246, 19 P.2d 563.

The pertinent part of the original petition reads as follows:

"Plaintiffs further allege that their property was duly rendered for taxation in the time and manner prescribed by law and that an assessed valuation was placed thereon and that said assessed valuation as so fixed and disclosed by schedules given to said plaintiffs by the county assessor; but that said assessed valuation as reflected in said schedule submitted to said plaintiffs by the county assessor, when extended upon the tax rolls of said county for said fiscal year, was surreptitiously and erroneously increased to the amount set out in said plaintiffs' separate notices of protest, and that such increase in the amount of said assessed valuation was made without notice to said plaintiffs, and said increase was not made by any authority of law or by a party authorized by law to make said increase; and that said plaintiffs had no means of ascertaining or discovering such

increase in the assessed valuation of their property until the time of the payment of the ad valorem tax on the same and such illegally increased valuation had been extended upon the tax rolls."

The amendment differs from the original in two particulars. In the amendment plaintiffs admit receiving a post card notice of an increased assessment, and that they then appeared before the board of equalization and protested, without filing written complaint; and the amended petition further avers:

"* * * That said objections and exceptions were presented to said board in regular session at the courthouse in Oklahoma City on or about said date, and a hearing was had thereon and the board formally considered the matter; that at the conclusion of said hearing the said board announced in open meeting * * * that the assessment of $73,370, as voluntarily rendered by said plaintiff, was satisfactory and was correct, and then and there informed this plaintiff that the amount at which said property was rendered was the official and final assessed valuation for said property for said assessment period. * * *

"4. That plaintiff did not hear anything further concerning said assessment of any nature whatsoever until he secured his usual tax statement in the spring of 1928 for the purpose of paying said 1927 taxes, at which time, and for the first time, plaintiff learned that the assessed valuation on said property had been increased over and above the amount at which it was voluntarily rendered and over and above the amount as agreed to between the plaintiff and said board of equalization, and over and above the amount as fixed, settled and determined by the board of equalization, which was months after the final adjournment of said board of equalization.

"5. Plaintiff further states' that it had no notice, knowledge, or information of the increase in the assessed valuation of said property until approximately the time of the payment of said taxes on or about the 31st day of March, 1928; that had plaintiff been notified of such increase in assessment, or had any knowledge or information thereof, plaintiff could and would have caused a correction to be made thereof, and have forced the assessment and tax rolls to conform to the order of the board of equalization, but having no notice, knowledge or information thereof, the plaintiff was deprived of any and all recourse or appeal, and had no other course save to pay said tax under protest as hereinabove set forth."

The original petition excludes the idea that plaintiffs ever were accorded a hearing. It specifically alleges that the plaintiffs rendered their assessment, and that

without any notice the valuation was surreptitiously and erroneously increased without lawful authority and by some unauthorized person. The amendment, and the proof in accordance with the amendment, is to the effect that the assessment was raised by an authorized person, the assessor, and the plaintiffs had notice sufficient to cause them to appear before the board of equalization. Whether they had strict statutory notice is immaterial here.

"* * * Where the taxpayer has the information necessary to protect him in due time and either appears before the equalization board to protest, or is afforded ample opportunity to do so, that thereupon the purpose of the statute is accomplished and strict technical compliance with the above section (9619, C. O. S. 1921) is unnecessary." Keaton v. Bonaparte, 174 Okla. 316, 50 P.2d 404.

As to what happened before the board of equalization, there is practically no dispute. Mr. Berry, who had been at the time assessor and secretary of the board, testified that the board agreed with Mr. Walker to make a reduction in the assessment, and afterwards, in a day or two, put it back to the figures his deputies had fixed as the assessment. Mr. Walker, corroborated by other witnesses, testified that while in session the board by unanimous agreement set his assessment back; that minutes of some sort were made, and that upon his insistence, because he was leaving town in a couple of days, he was assured the action was final, and that he could leave the city. He had no occasion to inquire as to the assessment until taxpaying time.

If the decision of the board as announced to Mr. Walker can be taken as sufficient order lowering the assessment, then unquestionably the subsequent raise or restoration to the former figures was unauthorized because no notice was given, and the taxpayers were in a situation similar to that existing in the case of Hays v. Bonaparte, supra.

In the case of Rogers, County Treasurer, v. Bass & Harbour Co., 64 Okla. 321, 168 P. 212, this court held that the absence of the minutes and record of the action of an excise board did not preclude the offering of other evidence to show what had actually been done. This was on the theory that the statute, although prescribing that a record be made, did not prescribe any form in which the record should be kept, nor make the minutes of the proceedings of the board the exclusive evidence of its actions, nor declare the keeping of such record a prereq-

uisite to the validity of its conclusions. The law in force in 1927 did not provide any form for the decision of the board of equalization, but made it the duty of the assessor to correct and revise the assessment roll "as per the order of the board of equalization."

In Oregon the board of equalization was given power to reduce the assessed valuation of tillable land. The Supreme Court of Oregon, in Florey v. Coleman, 234 P. 286, said:

"Section 4297 provides that the corrections or changes in the assessment roll shall be entered in a column headed substantially: 'As Equalized by the County Board.' * * *

"In general practice, the board orders the reduction or increase, as the case may be, and directs the assessor to make the necessary entries in the assessment roll. * * *

"The board lawfully determined that a reduction in the assessed value of the tillable land should be made. The assessor had notice thereof, and he should have extended the same of record on the assessment roll."

So here, as the substantial evidence shows, the board acted lawfully; the assessor, secretary of the board, knew of its act and should have corrected his rolls accordingly. One of two things is true here. Either the assessment, after action of the board, was raised, or the assessor, without notice or knowledge to the taxpayers, failed to make the correction on his books, as directed by the board. The right of appeal was denied, since the taxpayers had every reason to believe the reduction was ordered and that the clerical entry would follow as a matter of course. They were successful, hence had nothing from which to appeal. They could not have applied to the county commissioners, for at that time that body could have given relief only to those who had not appeared before the board, not to those who had appeared but had been misled.

The essential contention here is that the taxpayers had rendered their property at valuations which, if not changed, they could assume were agreed to by the assessing officers. There is little if any difference in their right to assume that such a valuation, impliedly agreed to because notice of change was not given, would stand, and in their right to assume that a valuation actually agreed to would stand. In Turner v. Pitts, 162 Okla. 246, 19 P.2d 563, involving a tax protest, an amendment to a petition as to a county highway fund item was allowed. This court said:

"Inasmuch as the amendment requested did not call for an increase in the amount claimed by plaintiff, but only set up an additional reason why plaintiff claimed a levy of 2.45 mills made for county highway purposes was illegal and void, we think the request was proper and that the amendment should have been allowed."

See, also, Harmon v. Hines, 160 Okla. 120, 16 P.2d 94.

We think the amendment here proper under the holdings in those cases. Since the proof supports the allegations, and since on the former appeal the court was of the opinion that the case of Hays v. Bonaparte, supra, stated the applicable law, it follows that the judgment of the trial court was correct.

The judgment is accordingly affirmed.

BAYLESS, V. C. J., and RILEY, HURST, and DAVISON, JJ., concur.