CITY OF CLINTON ex rel. RICHARDSON v. CORNELL et al.

No. 30709. Nov. 17, 1942.

Rehearing Denied Dec. 15, 1942.

*132 P. 2d 340.*

Snyder & Lybrand, of Oklahoma City, for plaintiff in error.

Meacham, Meacham & Meacham, of Clinton, George W. Cornell, of Oklahoma City, and George C. Loving, Arney & Barker, and A. J. Welch, all of Clinton, for defendants in error.

DAVISON, J. This is an appeal from the district court of Custer county. Complaint is made of the refusal of that court to vacate a judgment or purported judgment previously entered of record therein.

The question of fact in issue is whether the competent evidence establishes that the judgment was rendered at Arapaho, the county seat of Custer county, where, under the mandate of the Constitution, the district court should be held (art. 7, sec. 25, Oklahoma State Constitution), or at Clinton, a larger municipality in Custer county about four miles from the county seat.

The questions of law are whether the evidence introduced for the purpose of establishing that the judgment was rendered at Clinton rather than Arapaho was competent and sufficient and whether the judgment was in fact a judgment if so rendered.

The attack on the judgment is by petition to vacate the same. Thus the attack is direct as distinguished from collateral. That is, the proceeding before us is one designed primarily to defeat the judgment as distinguished from one in which its validity or existence is incidental. Wright v. Saltmarsh,

174 Okla. 226, 50 P. 2d 694; Continental Gin Co. v. DeBord, 34 Okla. 66, 123 P. 159. The restrictive rules of evidence peculiarly applicable to collateral attack do not obtain and a broader inquiry into facts not apparent from the record proper is permissible.

The record reflects that on April 5, 1941, in cause No. 6658, styled City of Clinton, a Municipal Corporation, ex rel. J. G. Richardson v. E. C. Williams et al., there was filed and recorded a journal entry of judgment signed by Cham Jones as assigned district judge and reflecting that on September 28, 1940, the evidence in the cause was heard and the same taken under advisement, and that thereafter on November 22, 1940, the court rendered judgment in favor of the several defendants.

There is no dispute that the evidence was introduced in a hearing had at Arapaho. Of course, the inference arises from the journal entry that the judgment was also rendered there even though the journal entry does not so recite. The presumption that public officers have performed their duty and that court was held where the law requires is indulged to support the judgment. However, in this type of hearing neither the journal entry of judgment nor the presumptions that arise in connection therewith bar the introduction of evidence to show that no judgment was in fact rendered, provided of course that the proof introduced is of a sufficiently convincing character.

In deciding a controversy the effective and controlling act of the court is the rendition or pronouncement of judgment as distinguished from the entry thereof on the record, the latter being merely a record of the decisive act. Evidence may be introduced to show that the judgment was in fact not rendered even though the record indicates that it was. Furthermore, if it be established that no judgment was rendered, it is not essential in order that the record of the purported judgment be eradicated that existence of a meritorious cause of action or defense be established. Abernathy et al. v. Bona-

parte, 166 Okla. 192, 26 P. 2d 947; Abernathy v. Huston, 166 Okla. 184, 26 P. 2d 939. Bearing in mind these guiding principles, we turn to the evidence reflected by the record before us.

The relator in support of his petition to vacate the judgment placed the court clerk of Custer county on the stand. She testified in substance that on the day in question, November 22, 1940, there was no court held in Arapaho. She related further that on that day Judge Jones called her over the phone from the offices of Meacham, Meacham & Meacham, attorneys in Clinton, and requested her to make a minute of judgment, whereupon she made the following minute, which was entered on the appearance docket:

"This cause comes on before Judge Cham Jones in the offices of Meacham, Meacham and Meacham at Clinton, Oklahoma. Judgment for the defendants as per Journal Entry. Plaintiffs give notice in open court of their intention to appeal to the Supreme Court of this state and for good cause shown, time in which to make and serve case-made is extended to 60-10-5."

Subsequently, after talking to one of the attorneys for the defendants as well as other practicing lawyers, the clerk ran a line through the words indicating the place of the hearing, not because it did not reflect the fact, but because Judge Jones had not specifically directed that the minute contain a recitation of the place of the rendition of judgment.

E. L. Mitchell, an attorney, was placed on the stand and testified that the rendition of judgment as attempted occurred in the office of Meacham, Meacham & Meacham, at Clinton.

In behalf of the defendant, an attorney testified that the procedure occurred at Clinton, but his testimony indicates that Judge Jones' pronouncement there was merely an indication of what his judgment would be. However, there is no indication that Judge Jones ever went to Arapaho to make the final pronouncement of judgment. So the testimony of the defendant indicates that there was really no pronouncement of judgment.

From the record we are impelled to conclude that if any attempt was made to render judgment, it was made at Clinton, not Arapaho.

Article 7, sec. 25, of our Constitution requires that:

"The terms of the district court shall be held at the county seat of the respective counties."

This court has consistently held that by reason of this section the district court cannot do a valid act as a court at any other place than the county seat. Missouri, Kansas & Texas Ry. Co. v. Long, 122 Okla. 86, 251 P. 495; Billingsly v. Gulf, C. & S. F. Ry. Co., 122 Okla. 181, 253 P. 103; Eichoff v. Caldwell, 51 Okla. 217, 151 P. 860.

The mandate of the Constitution was disregarded in this case and the judgment cannot stand.

There is some indication that the plaintiff in error through an attorney not appearing herein agreed not to raise the question. The Constitution's mandate cannot be set aside by agreement. Jurisdiction over the person of a litigant may be conferred by consent, but questions relating to jurisdiction over the subject matter or, as in this case, the very existence of the court at the time and place cannot be created by agreement.

The cause is reversed, with directions to enter judgment setting aside the purported judgment.

WELCH, C. J., and OSBORN, BAYLESS, GIBSON, HURST, and ARNOLD, JJ., concur. CORN, V. C. J., and RILEY, J., absent.