H. G. CHAPMAN, County Treasurer, Plaintiff in Error,

v.

William M. THOMPSON, Defendant in Error.

No. 36719.

Supreme Court of Oklahoma.

July 20, 1955.

Rehearing Denied Oct. 18, 1955.

J. Howard Edmondson, County Atty. of Tulsa County, Tulsa, Donald D. Cameron, Asst. County Atty., Tulsa, for plaintiff in error.

Marvin T. Johnson, Tulsa, for defendant in error.

JOHNSON, Chief Justice.

This is an action brought by defendant in error, plaintiff below, hereinafter referred to as plaintiff, for the recovery of alleged illegal ad valorem taxes paid under protest, relying on 68 O.S.1951 § 15.50, which provides in substance, that where the illegality of a tax is alleged to arise from some action of the taxing authorities from which no appeal is provided by law, the taxpayer may pay under protest and sue to recover.

In the instant case, the illegality alleged is the failure of taxing authorities to give taxpayer notice of an increase in the assessed valuation of his real property for the year 1952.

The defendant answered by general denial, and plead, as an affirmative defense that the increase complained of was made in 1951, and was stricken from the tax rolls for that year at plaintiff's request, because no notice had been given him of the increase, and that this circumstance precluded plaintiff from asserting that he had no notice that the increase in the assessed valuation of his property was on the tax rolls for the year 1952.

By reply plaintiff admitted that the increase in the assessed valuation of his property for the year 1951 had been stricken at

his request on the ground that the taxing authorities had failed to notify him, but denied knowledge of how this correction was effected and reiterated the allegations of his petition that he had no knowledge of the increase for the year 1952.

When trial was concluded, judgment was rendered for plaintiff, resulting in this appeal.

To reverse, defendant contends that the court erred in overruling the demurrer to the evidence; erred in rendering judgment for plaintiff under the facts; and that the judgment was contrary to law.

In Hays v. Bonaparte, 129 Okl. 258, 264 P. 605, the rule was stated in the syllabus as follows:

"When property has been voluntarily listed for taxation by the owner, and the valuation placed thereon by him is increased by the assessor, or by the board of equalization, without timely notice to him, or without his knowledge or consent, and he is thereby deprived of his right of appeal, his remedy is to pay the taxes under protest and proceed in accordance with the provisions of section 9971, C.O.S.1921." (68 O.S. 1951 § 15.50)

This case has been followed in later cases. See Bonaparte v. Walker, 182 Okl. 388, 77 P.2d 1130; Taber v. Carter Oil Co., 176 Okl. 638, 57 P.2d 248. We believe the rule in the Hays case is decisive of the issues in the case at bar.

The stipulation of the parties, the evidence of plaintiff and the finding of the trial judge, is conclusive that plaintiff had no notice of the increase of the assessed valuation of his property for the year of 1952. Yet, defendant contends that because the increase on plaintiff's property was made in 1951, for both years 1951 and 1952, that defendant's action in striking the increase from the tax rolls for 1951 at the request of plaintiff and giving notice to plaintiff's attorney in 1951 of the 1952 increase, which action was never made known to plaintiff by defendant or the attorney, precludes plaintiff from asserting that he had no notice that the increase in the assessed valuation of his property was on the tax rolls for the year 1952. We do not agree. The assessor admittedly increased the valuation of plaintiff's property. This was done without notice to the plaintiff. This could not be done without notice unless the owner had actual knowledge of such increase in time to file a protest before the proper officials. Plaintiff was not aware of such increase for 1952 until he went to pay his taxes. The notice required was mandatory and not directory. Hays v. Bonaparte, supra, 129 Okl. 258, 264 P. 605.

The fact that the property was not voluntarily assessed for 1952 is immaterial in the application of the rule in the Hays case, supra, as it is no longer necessary to list real property annually with the County Assessor for ad valorem taxation, 68 O.S.1951 § 15.8; but notice of increased valuation must be given if the property is raised over the preceding year's valuation which was not done in the instant case. See 68 O.S.1951 § 15.41.

A careful examination of the record in this case reveals the justness of the trial court's judgment. The judgment is affirmed.

WILLIAMS, V. C. J., and WELCH, CORN, DAVISON, HALLEY and BLACKBIRD, JJ., concur.