Ruby WILLIAMS, County Treasurer of
Woodward County, Oklahoma,
Plaintiff-in-Error,

v.

Kenneth J. COOKSON, Defendant-in-Error.

No. 39765.

Supreme Court of Oklahoma.

Sept. 25, 1962.

H. B. King, County Attorney Woodward County, for plaintiff in error.

Wright & Lowrey, Woodward, for defendant in error.

WELCH, Justice.

This is an action brought pursuant to 68 O.S.1961 § 15.50 which provides that if the illegality of a tax arises from some action of the taxing authorities from which no appeal is provided by law, the taxpayer may pay the tax under protest and sue to recover. The illegality alleged here is the failure of the County Assessor to give notice of an increase in the assessed valuation of plaintiff's real property for the year 1960.

There is no dispute as to the facts out of which the action arose. Lot 4 of Sec. 1, Twp. 32 N. R. 21 W. I.M. had been

assessed as rural property for the year 1959 at a valuation of $680.00. On October 28, 1959, said Lot 4 was purchased by plaintiff who sub-divided it into lots, blocks and streets, and by the close of 1959 had commenced grading and installing storm sewers which facts were known to the county assessor on January 1st, 1960. Plaintiff did not make a return to the assessor, and no change was made in the valuation until after the County Board of Equalization had adjourned when the assessor increased the assessed valuation of the concerned realty to $19,000.00, being $200.00 a lot, without further notice to the plaintiff than a telephone conversation with plaintiff's attorney on June 6, 1960.

Plaintiff filed application with the Board of Tax-Roll Corrections on February 17, 1961, alleging that the assessment was invalid due to the failure of the assessor to give notice to the taxpayer in accordance with 68 O.S.A. § 15.41, and prayed for correction of the tax rolls by limiting the valuation to the amount for which it had been assessed in 1959. Plaintiff's application was denied. Plaintiff then paid ad valorem taxes on the 1959 valuation, and further paid, unde‧ protest, with notice that suit would be instituted to recover the same, the sum of $1,267.74, and on March 28, 1961, filed this suit to effect a recovery thereof.

The trial court overruled the defendant's demurrer, thereby holding that the petition stated a cause of action and that the court had jurisdiction, and after answer had been filed, heard the case on the stipulation of the parties as to the evidence, and granted plaintiff judgment prayed for.

■ On appeal defendant contends that the realty became the subject of a new listing as an original assessment, as distinguished from a raise in assessed valuation without notice to the taxpayer, when it was subdivided into lots and blocks designated as an addition to the City of Woodward. In support of that contention he cites Article X, Section 22, Constitution, and 68 O.S.1961, Sections 15.6, 15.17, and

297 which pertain to the mechanics of the Ad Valorem Tax Code as to the classification of property. A change in classification of property does not, however, create a new subject of taxation. Plaintiff's property continued to be "real property" within the definition of Sec. 15.3 of Title 68. Nor does the requirement of Secs. 15.51, 15.52 that the value of land and improvements be shown separately on the assessment records detract from the construction directed by said definition that real property is the land itself and all improvements thereon, exclusive of machinery and fixtures, for the purpose of taxation.

In Board of Equalization of Oklahoma County v. Broadway Development Co., 178 Okl. 266, 62 P.2d 1010, this court held that where the value of real property is increased due to the addition of improvements that the increase in valuation is within the purview of 68 O.S.1961 § 15.41 requiring that notice of the increase be given to the owner, and that Sec. 15.41 makes no distinction as to the reasons for the assessed valuation.

■ In Hays v. Bonaparte, 129 Okl. 258, 264 P. 605, the rule was stated in the syllabus as follows:

"When property has been voluntarily listed for taxation by the owner, and the valuation placed thereon by him is increased by the assessor, or by the board of equalization without timely notice to him, or without his knowledge or consent, and he is thereby deprived of his right of appeal, his remedy is to pay the taxes under protest and proceed in accordance with the provisions of section 9971, C.O.S.1921. [68 O.S. 1961, Sec. 15.50]"

That holding was followed in Chapman v. Thompson, Okl., 288 P.2d 720, and cited with approval in Parkinson v. Valente, Okl., 326 P.2d 826.

■ Defendant also contends that the evidence was insufficient to support the judgment of the trial court and that no notice to the taxpayer was required because

the subdividing of the realty as an addition to the city constituted an original or new assessment rather than a raise in the land's assessed valuation.

We have read the stipulation of the parties which sets out the facts herein stated, and have concluded that it is amply sufficient to disclose the assessor's increase of the valuation of the concerned land to $19,-000.00 for the year 1960 without complying with the notice requirements of 68 O.S.1961 § 15.41.

The judgment of the trial court is affirmed.