Dear Auditor and Inspector Scott
¶ 0 The Attorney General has received your request for an official opinion asking, in effect:
Must a public service company which is protesting the valuationof its property before the State Board of Equalization, pay itsad valorem taxes to the counties under protest in order to obtaina refund, where the taxes are due prior to a decision by theState Board of Equalization?
¶ 1 The property of public service corporations is assessed annually by the State Board of Equalization. 68 O.S. 2443
(1981). Public service corporations prepare lists of their taxable property and deliver them to the Oklahoma Tax Commission. The Tax Commission then makes a report of its findings to the State Board of Equalization. 68 O.S. 2444, 68 O.S. 2454 (1981), as amended by 1988 Okla. Sess. Laws ch. 258, 2 and 4, p. 1166. If the State Board of Equalization certifies a higher value than that submitted by the public service corporation, the corporation receives notice and the corporation may request a hearing. Your question concerns the situation that may arise when a public service corporation's taxes are payable to the county treasurers before the State Board hears its tax protest.
¶ 2 Title 68 O.S. 2467 (1987) provides a very clear procedure where the taxes are payable after the State Board has ruled against the taxpayer and the taxpayer appeals the decision to the State Board. This statute provides in pertinent part as follows:
 (a) The full amount of the taxes assessed against the property of any taxpayer who has appealed from the State Board of Equalization . . . shall be paid at the time and in the manner provided by law.
* * *
 (b) When such taxes are paid, the persons paying the same shall give notice to the county treasurer that an appeal involving such taxes has been taken and is pending, and that a specified portion of the tax amount is being paid under protest. The taxpayer shall attach to such notice a copy of the petition filed in the court in which the appeal was taken. It shall be the duty of such treasurer to hold such taxes so paid under protest separate and apart from other taxes collected by him. Any portion of such taxes not paid under protest shall be apportioned as provided by law.
* * *
 (c) If an appeal is upon a question of valuation of the property, then the amount paid under protest by reason of the question of valuation being appealed shall be limited to the amount of taxes assessed against the property for the year in question less the amount of taxes which would be payable by the taxpayer for that year if the valuation of the property asserted by the taxpayer in the appeal were determined by the court to be correct.
¶ 3 This statute clearly places the duty upon the taxpayer to pay any ad valorem taxes under protest if the taxpayer is appealing the decision of the State Board of Equalization and wishes to preserve its right to a refund should the taxpayer prevail. This statute is silent as to the taxpayer's duty to pay these funds under protest pending a decision by the State Board of Equalization itself and prior to an appeal.
¶ 4 The general rule is that a taxpayer must pay taxes under protest to preserve his right to recover a refund. Taber v.Carter Oil Co., 57 P.2d 248 (Okla. 1936); Fearnside v. Graham,1 P.2d 763 (Okla. 1931). This ensures that the entity of local government will not rely on the full amount assessed when adopting a budget and making appropriations. The intent of 68O.S. 2467 (1987) is for all taxpayers protesting their valuations to place the county treasurer on notice of such a protest by paying a specified amount under protest to preserve the taxpayer's right to a refund.
¶ 5 In the situation posed by your question, 68 O.S. 2467
(1987), specifically refers to paying taxes under protest pending an appeal from the State Board of Equalization but the clear intent of the statute is to pay any taxes under protest if the taxpayer's property valuation is being contested. Even though this specific fact pattern wasn't contemplated in the statute, words in a statute may be altered, modified or supplied in order to give the statute its intended effect. Midwest City v.Harris, 561 P.2d 1357 (Okla. 1977). The intended effect of 68O.S. 2467 was to provide an adequate remedy to the taxpayer without disrupting the local budget process. Only that portion of the tax not protested is "apportioned as provided by law." 68O.S. 2467(b) (1987). The protested taxes are maintained and invested separately by the county treasurer so that a potential refund may be made easily.
¶ 6 Since a tax protest would be meaningless without the ability to obtain a refund should the taxpayer prevail, any tax payable pending a final resolution of such a challenge must be paid under protest to preserve the right to a refund while doing a minimum amount of damage to the local government budgetary procedures.[1]
 ¶ 7 It is, therefore, the official opinion of the AttorneyGeneral that a public service corporation which has filed aprotest of its property valuation with the State Board ofEqualization must pay its ad valorem taxes under protest topreserve its right to a refund if the taxes are payable before afinal resolution of the protest pursuant to 68 O.S. 2467(1987).
ROBERT H. HENRY ATTORNEY GENERAL OF OKLAHOMA
THOMAS L. SPENCER ASSISTANT ATTORNEY GENERAL
[1] This Opinion construes applicable law on the date of this Opinion. Sections 2443, 2444, 2454 and 2467 of title 68 appear to be repealed effective October 12, 1988. 1988 Okla. Sess. Laws, ch. 162, § 165, p. 672.